## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GEORGE LEBEUF**                                               **CIVIL ACTION**

**VERSUS**

**NO. 17-334-BAJ-RLB**

**RACETRAC PETROLEUM, INC.,
ET AL.**

## ORDER

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Petition for Damages (R. Doc. 10) filed on September 29, 2017. Plaintiff seeks to add Mohammad Khalek and Khalek, LLC an additional defendants.

The Court will deny the instant motion with leave to refile for the following reasons.

First, Local Rule 7(e) provides that prior to filing a motion to amend pleadings without an accompanying memorandum, "the moving party shall attempt to obtain consent for the filing and granting of such motion from all parties having an interest to oppose, and a certificate stating the position of the other parties shall be included in the motion." Plaintiff did not file a Local Rule 7(e) certificate with the instant motion indicating the position of defendant RaceTrac Petroleum, Inc. ("RaceTrac") as required.

Second, based on Plaintiff's proposed pleading, the addition of Mr. Khalek as a defendant would destroy complete diversity and deprive the Court of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court — i.e. 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties' competing interests while determining

whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id*. Accordingly, Plaintiff shall file a memorandum addressing the *Hensgens* factors in support of any future motion seeking to add a non-diverse defendant that is opposed by RaceTrac.

Finally, the instant proposed pleading is deficient with regard to the citizenship of Khalek, LLC. The citizenship of a limited liability company is determined by the citizenship of each of its members, not the state under whose laws it is organized or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). Accordingly, Plaintiff shall identify the citizenship of Khalek, LLC in any future motion to amend that seeks to add Khalek, LLC as a defendant.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Petition for Damages (R. Doc. 10) is **DENIED without prejudice.** The deadline to amend the pleadings is extended to **October 24, 2017** to provide Plaintiff sufficient time to address the deficiencies described in the body of this Order.

Signed in Baton Rouge, Louisiana, on October 11, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**