UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE LEBEUF | CIVIL ACTION |
| VERSUS | |
| RACETRAC PETROLEUM, INC., ET AL. | NO. 17-334-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2017.

                                                                       RICHARD L. BOURGEOIS, JR.
                                                                       UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GEORGE LEBEUF                                                          CIVIL ACTION

VERSUS
                                                                       NO. 17-334-BAJ-RLB
RACETRAC PETROLEUM, INC.,
ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Petition for Damages (R. Doc. 12) filed on October 11, 2017. Plaintiff seeks to add Mohammad Khalek and Khalek, LLC an additional defendants. The deadline for filing a response has expired. LR 7(f). Accordingly, the Motion is unopposed.[1]

**I.    Background**

On or about April 11, 2017, George LeBeuf ("Plaintiff") filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming RaceTrac Petroleum, Inc. ("RaceTrac") as the sole non-fictitious defendant. (R. Doc. 1-1). Plaintiff alleges that he was shot in the pelvis area while pumping gas at a store operated or leased by RaceTrac.

On May 26, 2017, RaceTrac removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). RaceTrac asserts that there is complete diversity between the parties because Plaintiff is a citizen of Louisiana and RaceTrac is a citizen of Delaware and Georgia. (R. Doc. 1 at 2).

On September 29, 2017, Plaintiff sought leave of court to add Mohammad Khalek and Khalek, LLC as additional defendants. (R. Doc. 10). The proposed pleading specifically identified Mr. Khalek as a citizen of Louisiana. The Court denied the motion, without prejudice,

---

[1] Defense counsel also contacted the undersigned's chambers to assert that the motion is unopposed.

on the basis that Plaintiff did not indicate the position of RaceTrac as required by Local Rule 7(e); Plaintiff did not address the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) for the addition of non-diverse defendants; and Plaintiff did not identify each of the members of Khalek, LLC. (R. Doc. 11).

On October 24, 2017, Plaintiff filed the instant Motion. (R. Doc. 12). Plaintiff identified Khalek, LLC as a citizen of Louisiana on the basis that its sole member is Mr. Khalek, a citizen of Louisiana. (R. Doc. 12-1 at 1-2). Plaintiff further indicated that RaceTrac would not consent to the relief requested. (R. Doc. 12-1 at 2). Finally, Plaintiff addressed the *Hensgens* factors in support of allowing amendment and remanding the action to state court. (R. Doc. 12-1 at 2-4).

## II.  Law and Analysis

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the Court also must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The courts should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

The first *Hengens* factor is resolved in favor of Plaintiff. In support of a finding that its primary purpose of amendment is not to defeat diversity jurisdiction, Plaintiff asserts that his "only goal is to name all proper parties in this matter." (R. Doc. 12-1 at 2-3). Plaintiff further asserts that RaceTrac suggested to Plaintiff's counsel that the non-diverse defendants, Mohammad Khalek and Khalek, LLC, were proper party-defendants. (R. Doc. 12-1 at 3). These assertions remain unopposed.

The second *Hengens* factor also weighs in Plaintiff's favor. Plaintiff identified the "Manager/Franchisee" of the store at issue as a John Doe defendant in the original Petition. (R. Doc. 1-1 at 3-4). Plaintiff represents that he sought amendment only eleven days after defense counsel identified Mohammad Khalek and Khalek, LLC as proper party defendants. (R. Doc. 12-1 at 3). While Plaintiff could have identified these defendants earlier, Plaintiff was diligent in seeking amendment within the time allowed by the Court's Scheduling Order.

The third *Hengens* factor weighs in favor of Plaintiff because not allowing amendment would require Plaintiff to file a separate lawsuit, which would result in increased costs and judicial inefficiencies due to piecemeal litigation.

Finally, other equitable considerations also weigh in favor of allowing amendment. Plaintiff represents that it has not conducted any discovery in this action. Accordingly, allowing amendment and remand will not result in the waste of significant resources expended while the action was pending in federal court. Furthermore, RaceTrac, which has taken the position it is not a proper party to this action (R. Doc. 12-3), does not oppose the relief requested.

### III. Conclusion

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Mohammad Khalek and Khalek, LLC as defendants in this action.

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Petition for Damages (R. Doc. 12) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiff's First Supplemental (Amended Superseding) Complaint (R. Doc. 12-4) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the First Supplemental (Amended Superseding) Complaint into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 15, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**